THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Antonio
 Moultrie, Appellant.
 
 
 

Appeal From Charleston County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No.  2011-UP-543  
 Submitted November 1, 2011  Filed
December 5, 2011

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J.
 Zelenka, and Assistant Attorney General Alphonso Simon, Jr., all of Columbia; and
 Solicitor Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: Antonio Moultrie appeals his conviction for murder, arguing the
 circuit court erred in admitting portions of a recording of a 911 call made by
 the victim just after being stabbed.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: Crawford v. Washington, 541 U.S. 36, 53-54 (2004) (finding
 the Confrontation Clause of the Sixth Amendment bars "admission of
 testimonial statements of a witness who did not appear at trial unless he was
 unavailable to testify, and the defendant had had a prior opportunity for
 cross-examination"); Davis v. Washington, 547 U.S. 813, 822 (2006)
 ("Statements are nontestimonial when made in the course of police interrogation
 under circumstances objectively indicating that the primary purpose of the
 interrogation is to enable police assistance to meet an ongoing
 emergency."); Rule 803, SCRE ("The following are not excluded by the
 hearsay rule . . . (1) Present Sense Impression.  A statement describing or
 explaining an event or condition made while the declarant was perceiving the
 event or condition, or immediately thereafter; (2) Excited Utterance.  A
 statement relating to a startling event or condition made while the declarant
 was under the stress of excitement caused by the event or condition.").    
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.